**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4717**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LIONEL STAINE,

Defendant - Appellant.

---

**No. 05-4769**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO DINNALL,

Defendant - Appellant.

---

**No. 05-4921**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE OKELLO JOSEPH,

                                        Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of North Carolina, at New Bern.  Malcolm J. Howard, District Judge.  (CR-02-60)

———————————

Submitted:  May 24, 2006                Decided:  June 21, 2006

———————————

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Lewis A. Thompson, III, BANZET, BANZET & THOMPSON, P.L.L.C., Warrenton, North Carolina; Terence Lee Taylor, CANNON & TAYLOR, Greenville, North Carolina; George Mason Oliver, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellants.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After a trial, Lionel Staine, Ricardo Dinnall and Bruce Okello Joseph were convicted of conspiracy to distribute and to possess with the intent to distribute more than 50 grams of cocaine base, a quantity of cocaine, and a quantity of marijuana. Staine and Dinnall were convicted of conspiracy to unlawfully kidnap a person, and Joseph was convicted of traveling in interstate commerce with intent to promote the drug conspiracy.

In their initial appeal, we affirmed the convictions, rejecting those arguments that challenged trial proceedings and the sufficiency of the evidence. However, because the imposition of their sentences was plain error in light of United States v. Booker, 543 U.S. 220 (2005), we vacated the sentences and remanded to the district court for resentencing. At resentencing, the district court followed the instructions in Booker and United States v. Hughes, 401 F.3d 540, 555-56 (4th Cir. 2005), and chose not to disturb the original life sentences imposed upon Staine and Dinnall. Joseph was sentenced to 262 months' imprisonment, the bottom end of the Guidelines range of imprisonment and two months less than the original sentence. Finding no error, we affirm.

Staine and Dinnall raise several issues raised in their initial appeal challenging their convictions. We will not review these issues again. United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999).

With respect to the Guidelines enhancements for Fisher's murder and for Staine's and Dinnall's role in the offense, we find no clear error with respect to the district court's findings. United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997); United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

The district court resentenced Dinnall and Staine only after properly calculating the sentence under the advisory Guidelines and considering the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). The court did not have to articulate its findings with respect to each factor under § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1022030 (May 15, 2006). We find the sentences were reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (May 22, 2006).

Likewise, we find Joseph's sentence reasonable. We find no merit to any of Joseph's arguments challenging the resentencing. The district court arrived at the correct range of imprisonment after considering the Guidelines. The court also reviewed the § 3553(a) factors and the specific arguments raised by counsel. There is no merit to the claim that the presumption of reasonableness for a sentence within the Guidelines is unconstitutional.

Accordingly, we affirm the sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED