## WILKINS *v.* UNITED STATES

No. 78–5885.   Decided April 30, 1979

PER CURIAM.

The *pro se* petitioner was convicted in a Federal District Court on criminal charges, 422 F. Supp. 1371 (ED Pa. 1977), and the Court of Appeals for the Third Circuit affirmed the convictions on June 9, 1977, by judgment order.   559 F. 2d 1210.   This petition, filed on December 14, 1978, is therefore 17 months out of time as a conventional petition for certiorari under this Court's Rule 22 (2).

But this is not a conventional petition for certiorari.   The petitioner states that he asked his court-appointed lawyer to file a timely petition for certiorari and that in September 1977 he received an assurance from the lawyer that this request had been honored.   In July 1978, the petitioner wrote to the Clerk of this Court to inquire about his case and learned that no such petition had ever been filed.   He then wrote several letters to his lawyer, but the letters were never answered.   All these factual allegations are supported by the petitioner's affidavit and by the affidavits of his wife and his minister.

The petition now before us presents a single question:

"What remedy is available for petitioner when court-appointed attorney failed and refused to file timely petition for writ of certiorari in defiance of the petitioner's written request that same be done?"

The answer to that question is to be found in the Criminal Justice Act of 1964, 18 U. S. C. §§ 3006A (c), 3006A (d)(6), and 3006A (g). The Solicitor General interprets these provisions to mean that a person whose federal conviction has been affirmed is entitled to a lawyer's help in seeking certiorari here. Indeed, the Courts of Appeals for all of the Circuits provide in their rules or in plans adopted pursuant to the Criminal Justice Act that a court-appointed lawyer must, if his client wishes to seek review in this Court, represent him in filing a petition for certiorari.* Had the petitioner presented his dilemma to the Court of Appeals by way of a motion for the appointment of counsel to assist him in seeking review here, the court then could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari. Cf. *Doherty* v. *United States,* 404 U. S. 28 (1971); *Schreiner* v. *United States,* 404 U. S. 67 (1971).

The Solicitor General has recommended that we grant cer-

---

*The Criminal Justice Act Plan adopted by the Court of Appeals for the Third Circuit provides:

"If, after an adverse decision by the Court of Appeals, a review by the Supreme Court of the United States is to be sought, the appointed attorney shall prepare a petition for certiorari and other necessary and appropriate documents in connection therewith." See A Plan for the United States Court of Appeals for the Third Judicial Circuit Pursuant to the Criminal Justice Act of 1964, § III–6 (effective Sept. 1, 1971).

For comparable provisions or rules in effect in other Circuits, see generally United States Courts of Appeals Rules, 28 U. S. C. A. (Supp. 1978). See also plans under the Criminal Justice Act adopted by the Courts of Appeals for the Fourth, the Seventh, and the District of Columbia Circuits.

tiorari, vacate the judgment, and remand this case to the Court of Appeals so that a timely petition for certiorari to review the appellate judgment can be filed. Even though this petitioner, unlike the claimants in the *Doherty* and *Schreiner* cases, did not first apply to the Court of Appeals for relief, we agree with the suggestion of the Solicitor General.

The Court of Appeals, the Solicitor General, and this Court all have a strong interest in ensuring that lawyers appointed to aid indigents discharge their responsibilities fairly. Yet this prisoner's story of his appointed lawyer's indifference to his legitimate request for help is all too familiar. The petitioner's decision to apply directly to this Court for relief is under these circumstances understandable. Accordingly, the motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted, the judgment of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for further proceedings, including the re-entry of its judgment affirming the petitioner's convictions and, if appropriate, appointment of counsel to assist the petitioner in seeking timely review of that judgment in this Court.

*It is so ordered.*

Petitioner having made no substantive challenge to the judgment of the Court of Appeals in his petition for certiorari, MR. JUSTICE REHNQUIST dissents from the Court's action in vacating that judgment.

Because MR. JUSTICE STEVENS believes the Court of Appeals is the forum in which petitioner's allegations should be evaluated in the first instance, he would not vacate that court's judgment summarily.

MR. JUSTICE POWELL took no part in the decision of this case.