UNITED STATES of America, Plaintiff-Appellee,

v.

Joe SOTELO, Defendant-Appellant.

No. 84–1293

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1985.

Brantley Pringle, Fort Worth, Tex. (Court-appointed), for defendant-appellant.

---

James A. Rolfe, U.S. Atty., E. Michael Sheehan, Asst. U.S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before GEE, JOHNSON, and DAVIS, Circuit Judges.

PER CURIAM:

Defendant Joe Angelo Sotelo was convicted by a jury on four counts of distributing heroin in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Sotelo, assisted by court-appointed counsel, appealed. In an unpublished opinion, this Court affirmed. 742 F.2d 1451 (5th Cir.1984).[1]

Under Rule 20.1 of the Rules of the Supreme Court of the United States, the deadline for Sotelo to file a petition for writ of certiorari was October 30, 1984. On July 15, 1985, Sotelo filed a pro se petition for writ of certiorari. In the petition, Sotelo alleged that his court-appointed counsel had failed and refused to file a timely petition for writ of certiorari despite Sotelo's written request that his counsel file such a petition.

In response to Sotelo's petition, the Supreme Court granted the writ of certiorari, vacated the judgment of this Court and remanded the case for further proceedings, including, if appropriate, the re-entry of this Court's judgment affirming Sotelo's conviction and appointment of counsel to assist Sotelo in seeking timely review of this Court's judgment in the Supreme Court of the United States. *Sotelo v. United States,* — U.S. —, 106 S.Ct. 42, 88 L.Ed.2d 35 (1985).

In doing so, the Supreme Court followed *Wilkins v. United States,* 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979). In *Wilkins,* the Supreme Court noted that under the Criminal Justice Act of 1964, 18 U.S.C. §§ 3006A(c), 3006A(d)(6), and 3006A(g), and the Criminal Justice Act Plan adopted by the Courts of Appeals, a person whose federal conviction has been affirmed is entitled to assistance from his court-appointed counsel in seeking certiorari upon the federal defendant's written request.[2] The Supreme Court in *Wilkins* adopted the procedure it employed in the instant case. In *Wilkins,* the Supreme Court vacated the prior affirmance of the defendant's conviction by the United States Court of Appeals for the Third Circuit. This procedure required the court of appeals to reexamine its prior opinion and to reenter its prior decision, if appropriate. The defendant Wilkins would then be allowed to file a timely petition for writ of certiorari to request the Supreme Court to review the reentered judgment.

Upon receipt of the Supreme Court's order, this Court directed Brantley Pringle, counsel for Sotelo, to respond to Sotelo's

1. Sotelo alleged three grounds of appeal. The first ground was that the district court erred in refusing to give requested instructions on the defense of entrapment. The Court held that, while the accused is not required to present witnesses to be entitled to an entrapment instruction, the evidence was insufficient to warrant such an instruction. The Court also rejected Sotelo's claims of improper jury argument and excessive sentence.

2. The Criminal Justice Act Plan adopted by this Court provides:

Appointed counsel shall, in the event of affirmance or other decision adverse to the party represented, promptly advise him in writing of his right to seek further review by the filing of a petition for writ of certiorari with the Supreme Court, and shall file such petition, if requested by such party in writing to do so.

Appointed counsel shall advise the party represented in all cases covered by the Act [section 3006A of Title 18] that, if he wishes to appeal to the Court of Appeals or to file a petition for a writ of certiorari with the Supreme Court, he has the right under the Act [section 3006A of Title 18] to do so without prepayment of fees and costs or giving security therefor, and without filing the affidavit of financial inability to pay such costs required by Title 28 U.S.C. Sec. 1915(a) [section 1915(a) of this title].

Rule on the Fifth Circuit Plan Under the Criminal Justice Act, § 4. A copy of the Plan is readily available in the supplement to 28 U.S. C.A.

statement that Pringle failed to assist Sotelo in preparing a petition for writ of certiorari. In his response, attorney Pringle states that, upon receipt of this Court's decision affirming Sotelo's conviction, he sent Sotelo a copy of this Court's opinion. Pringle also states that he enclosed a copy of "memorandum to counsel or parties" prepared by this Court. This memorandum includes the statement that "appointed counsel shall promptly advise the party in writing of the right to seek further review by filing a petition for writ of certiorari with the Supreme Court and shall file such petition if requested to do so in writing by such party." Pringle also said that he enclosed a note advising Sotelo that a further appeal to the Supreme Court would not be productive of a different result. Pringle, however, did not retain a copy of this note. Pringle also stated that he did not specifically advise Sotelo in writing of his right to pursue such a petition without incurring costs but that he believed that he advised Sotelo orally of this benefit. Pringle further related that, on December 13, 1984, Sotelo wrote Pringle, stating, "I would like for you to fill a Sancuary [sic] to the Supreme Court...." Pringle states that he did not interpret this statement as a request for assistance to file a petition for writ of certiorari. Nevertheless, on January 2, 1985, Pringle responded to Sotelo in a memorandum which explained why Pringle thought a further appeal would be fruitless.

Although attorney Pringle may have complied minimally with the responsibilities of appointed counsel under the Criminal Justice Act Plan adopted by this Court,[3] Sotelo states that he was not fully advised of his statutory rights. In light of the Supreme Court's mandate and out of an abundance of caution to grant Sotelo a full opportunity to file a timely petition for writ of certiorari, we have examined our earlier opinion. Upon this examination, we have determined that the judgment affirming Sotelo's conviction should be reentered. In a separate opinion, this Court has appointed counsel to assist Sotelo in preparing his petition for writ of certiorari.

SO ORDERED.

---

**3.** We remind counsel that it is counsel's responsibility as an officer of the Court to comply fully with the Plan. *See Wilkins,* 441 U.S. at 470, 99 S.Ct. at 1830. Although sanctions are not appropriate in this case, the Court will consider such action in future cases.