859 F.2d 150
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Amos BROWN, a/k/a Nabb Ali, Defendant-Appellant.
 No. 88-7145.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 16, 1988.
Decided Sept. 14, 1988.
 
 Amos Brown a/k/a Nabb Ali, appellant pro se.
 Martin S. Himeles, Jr., Office of U.S. Attorney, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Amos Brown a/k/a Nabb Ali seeks review of the district court's order denying him relief pursuant to 28 U.S.C. Sec. 2255.
 
 
 2
 On May 29, 1984, Brown was convicted in district court of bank robbery, kidnapping, and other related offenses. He was represented by court-appointed counsel. His appeal to this Court was unsuccessful. He now claims ineffective assistance of counsel in that: (1) counsel failed to communicate with him concerning trial strategy relevant to the number of witnesses to be called; (2) counsel failed to raise an issue concerning his right to a speedy trial; (3) counsel called only one witness to testify in his behalf instead of three; and (4) counsel failed to advise him of his right to petition the Supreme Court of the United States for a writ of certiorari after this Court denied his appeal. We affirm the judgment below concerning Brown's first three allegations on the reasoning of the district court. United States v. Brown, CA-87-421-HM; CR-83-339-HM (D.Md., Apr. 14, 1988). We reverse the district court's judgment concerning the fourth allegation.
 
 
 3
 In an affidavit dated May 18, 1987, Brown's attorney stated:
 
 
 4
 Mr. Brown also contends that I did not advise him of his right to petition for certiorari. While it is correct that I did not specifically advise him in writing of that right, I did send him a letter dated October 11, 1985, enclosing the Notice of Judgment and advising him that an answer to the judgment, dated September 30, 1985, was required within 14 days from the judgment date....
 
 
 5
 (Emphasis Supplied). The letter referred to in the affidavit informed Brown as follows:
 
 
 6
 Enclosed with this letter is the NOTICE OF JUDGMENT with attachment which requires an Answer to the Judgment within fourteen (14) days from the Judgment date (Sept. 30, 1985).
 
 
 7
 Kindly read it over and then make your decision. Thank you for your prompt attention and cooperation in this matter. (Letter dated October 11, 1985).
 
 
 8
 Clearly, the document quoted above does not inform Brown in writing of his right to petition the Supreme Court for a writ of certiorari as required by this Court's plan for implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A. See Proffitt v. United States, 549 F.2d 910, 912-13 (4th Cir.1976), cert. denied, 429 U.S. 1076 (1977). Where counsel fails to inform a federal defendant of his right to petition the Supreme Court for review of his conviction, the defendant has not been afforded the representation he is due. Wilkins v. United States, 441 U.S. 468 (1979); United States v. Sotelo, 778 F.2d 1125, 1126-27 (5th Cir.1985), cert. denied, 475 U.S. 1128 (1986).
 
 
 9
 The remedy for Brown is for this Court to vacate and reenter its past judgment, recall its previous mandate and issue a new one, grant Brown permission to proceed in forma pauperis, and appoint him counsel to prepare a petition for a writ of certiorari should Brown wish to seek review by the Supreme Court. See Sotelo v. United States, 474 U.S. 806 (1985). This Court is entering an Order granting Brown this remedy.
 
 
 10
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART,
 
 
 12
 REVERSED IN PART.