**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jacqueline JAMES and Roger W.
Sims, Defendants–Appellants.**

No. 92–7089
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 28, 1993.

David O. Bell (court-appointed), Oxford, MS, for James.

Johnnie E. Walls, Jr. (court-appointed), Greenville, MS, for Sims.

Robert H. Norman, Asst. U.S. Atty., Robert O. Whitwell, U.S. Atty., Oxford, MS, for plaintiff-appellee.

ON MOTION OF DEFENDANT–APPELLANT FOR APPOINTMENT OF COUNSEL

Before JOLLY, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Roger W. Sims, movant herein, was convicted of certain crimes. His conviction and sentence were affirmed by this Court in *United States v. James, et al.,* 977 F.2d 578 (5th Cir.1992) (unpublished). He was represented by court appointed counsel. No motion for rehearing was filed with this Court and no petition for writ of certiorari was filed with the Supreme Court. The time for both has expired.

Sims, proceeding *pro se,* now moves this Court for appointment of new counsel to file a petition for certiorari with the Supreme Court. Sims alleges, and submits

his affidavit and copies of correspondence showing, that he timely requested his court appointed counsel, in writing, to petition for certiorari. Upon our instruction, court appointed counsel responded to these allegations as follows:

## I.

Counsel denies all allegations made by appellant that suggest that counsel promised to file for a Writ of Certiorari with the United States Supreme Court or a Motion for a New Trial on newly discovered evidence.

## II.

Counsel on several occasions advised appellant that in his opinion there existed no sound factual or legal basis for filing for a Writ of Certiorari which would be successful. Further counsel did not feel there existed newly discovered evidence which would support a motion for new trial. Counsel declined to file another document simply because appellant wanted same. Counsel communicated to appellant that he would not file same.

## III.

Counsel does not believe that as a lawyer he has any obligation to file whatever a client wants whether it has merit or not.

Importantly, counsel does not deny that Movant requested the filing of a writ with the High Court.

■ We sympathize with counsel's desire not to file papers with the Court which have no reasonable chance of success. However, the Plan[1] adopted by this Court pursuant to the Criminal Justice Act[2] provides that, when requested to do so in writing by his client, counsel must file a petition for certiorari with the Supreme Court. If no issues of merit can be raised, counsel is reminded of the rule of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Following the procedure adopted by the Supreme Court in *Wilkins v. United States,* 441 U.S. 468, 99 S.Ct. 1829, 60 L.Ed.2d 365 (1979); and by this Court in *United States v. Sotelo,* 778 F.2d 1125 (5th Cir.1985), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1658, 90 L.Ed.2d 200 (1986), we hereby vacate and reinstate the judgment of this Court affirming movant's conviction and sentence and direct counsel to timely file a petition for certiorari with the United States Supreme Court.

■ Counsel is reminded that failure to comply fully with the terms of the Plan can constitute sanctionable conduct. *Sotelo,* 778 F.2d at 1127 n. 3.

Judgment of this Court affirming the conviction and sentence is VACATED and hereby REINSTATED. The motion to appoint new counsel is DENIED. Current counsel shall file a timely petition for certiorari.

---

**1.** U.S.Ct.App. 5th Cir. Rules, App. III, § 4; 28 U.S.C. Rules Pamph. Pt. 1, p. 714–715 (1992).

**2.** 18 U.S.C. § 3006A.