**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 00-7773

ANTHONY LEE KING,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-93-40, CA-98-297)

Submitted: April 27, 2001

Decided: May 23, 2001

Before WIDENER, LUTTIG, and KING, Circuit Judges.

---

Dismissed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Anthony Lee King, Appellant Pro Se. Mary Hannah Lauck, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Lee King appeals the denial of his petition for collateral review under 28 U.S.C.A. § 2255 (West Supp. 2000). He raises two issues on appeal: (1) whether counsel was ineffective for failing to object to or to raise on appeal the alleged constructive amendment of the indictment; and (2) whether counsel was ineffective for failing to notify him of the disposition of his direct criminal appeal in this court in time to petition the Supreme Court for a writ of certiorari. We review King's ineffective assistance of counsel claims de novo. *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990). We find King's first issue to be without merit and therefore deny a certificate of appealability and dismiss the appeal as to that claim. Because we conclude that there is a genuine issue of material fact as to King's second issue, we grant a certificate of appealability, vacate the district court's order and remand for further proceedings as to that claim.

King was convicted of five counts of possession of "listed chemicals," having reasonable cause to believe the chemicals would be used to manufacture methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(d) (West 1994). We affirmed King's convictions and sentence on direct appeal. *See United States v. King*, 1997 WL 161669 (4th Cir. Apr. 8, 1997) (No. 96-4395) (unpublished).

We have reviewed King's constructive amendment claim and find no constructive amendment occurred. *See, e.g.*, *See United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999). King was convicted of the same crime charged by the grand jury. *See, e.g.*, *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994). Finding no error in this respect, we conclude King's allegations of ineffective assistance in regard to constructive amendment of the indictment are meritless. *See Strickland v. Washington*, 466 U.S. 668 (1984). We therefore deny a certificate of appealability and dismiss the appeal as to this claim.

We find King has made a substantial showing of the denial of a constitutional right, however, as to whether counsel was ineffective in failing to notify him of the adverse disposition of his criminal appeal. *See* 28 U.S.C.A. § 2253 (West Supp. 2000). If an indigent

defendant wishes to petition for a writ of certiorari of a judgment affirming a criminal conviction, a court-appointed lawyer must represent him in filing the petition. *Wilkins v. United States*, 441 U.S. 468, 469 (1979); *Proffitt v. United States*, 549 F.2d 910, 912 (4th Cir. 1976) (remanding § 2255 claim alleging failure to advise of right to petition for certiorari). This Court's Internal Operating Procedure ("I.O.P.") 46.3 and Plan in Implementation of the Criminal Justice Act of 1964 require appointed counsel to inform clients in writing of the right to petition for certiorari and to file a petition if so requested.

King contends in his sworn pleading that his appointed appellate attorney did not inform him of the disposition of his criminal appeal. King provided a copy of a letter received from authorities at a federal correctional facility denying his request for a legal locker because he had no case pending on appeal. This letter, which King alleges was the first notification he received concerning the disposition of his criminal appeal, was dated more than ninety days following the issuance of our opinion. King also attached copies of his correspondence with this Court, indicating his prompt inquiry thereafter into the disposition of his appeal, and of this Court's response, indicating counsel was required to assist him in petitioning for a writ of certiorari.

Because King's counsel died prior to King's filing his habeas petition, King's sworn assertion that he was not informed of the disposition of his appeal or if his right to petition the Supreme Court for a writ of certiorari is uncontroverted. The Government acknowledges it has no firsthand information from King's counsel concerning whether he informed King of the disposition of his appeal. Neither has the Government obtained the attorney's case file in King's case. The Government responded below that King's counsel performed adequately in other stages of the proceedings, but acknowledges that if King's allegation is true, a hearing is warranted. The Government also admits, however, that it has not attempted to obtain King's case file from the executrix of his attorney's estate.

The district court did not make a finding on the genuine issue of material fact as to whether defense counsel adequately informed King concerning the disposition of his appeal and his right to seek certiorari. We conclude that if counsel did not advise King of the disposition of his criminal appeal in this court and of the opportunity to seek

a writ of certiorari from the Supreme Court, counsel would be ineffective under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984).

The record before us, however, is inadequate to resolve the factual issue of whether counsel informed King of the disposition of his appeal and his right to petition the Supreme Court for further review. The district court should resolve this factual issue in the first instance. We therefore grant a certificate of appealability on this issue, vacate the district court's disposition of this claim, and remand to the district court for further proceedings. If the district court concludes on remand that King received ineffective assistance in this respect, King may then move in this court for our recall and re-issuance of the mandate in his criminal appeal, *United States v. King*, No. 96-4395, and for appointment of counsel to assist him with any petition for writ of certiorari he may wish to file in the Supreme Court in that case.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED IN PART, AND REMANDED*