**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-6460**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BRUCE OKELLO JOSEPH, a/k/a Okello Bruce Joseph,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Malcolm J. Howard,
Senior District Judge.  (4:02-cr-00060-H-4; 4:07-cv-00126-H)

Submitted:  October 5, 2009          Decided:  October 23, 2009

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Vacated in part and remanded; dismissed in part by unpublished
per curiam opinion.

Bruce Okello Joseph, Appellant Pro Se.  Rudolf A. Renfer, Jr.,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Okello Joseph seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We grant a certificate of appealability as to one issue, vacate the district court's order in part and remand for further proceedings and we deny a certificate of appealability as to Joseph's other issue and dismiss the appeal in part.

Joseph claims appellate counsel failed in his obligation to timely notify him of his right to file a petition for writ of certiorari after receiving an adverse decision from this court in his appeal from his criminal judgment. In support of his claim, Joseph submitted an affidavit prepared by him and

2

a letter from his appointed counsel's law firm providing him with a copy of the court's decision in United States v. Staine, No. 05-4717(L), 2006 WL 1766122 (4th Cir. June 21, 2006) (unpublished). The letter is dated February 9, 2007, nearly eight months after this court's decision.

In Wilkins v. United States, 441 U.S. 468 (1979), the Supreme Court provided relief, under the Criminal Justice Act, for an out-of-time pro se petitioner whose counsel never filed a petition for certiorari despite assurances from his counsel that the petition was filed. It stated that "the Courts of Appeals for all of the Circuits provide in their rules or in plans adopted pursuant to the Criminal Justice Act that a court-appointed lawyer must, if his client wishes to seek further review in this court, represent him in filing a petition for certiorari." Wilkins, 441 U.S. at 469.

This court's Plan In Implementation of the Criminal Justice Act states in relevant part:

> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant.

Plan, Part V, § 2.

In Proffitt v. United States, 549 F.2d 910, 912 (4th Cir. 1976), this court vacated the district court's order dismissing a § 2255 motion that alleged counsel's failure to consult the defendant and remanded the case for the purpose of an evidentiary hearing because the district court incorrectly found the appointed counsel had no duty to notify the defendant of the result of his appeal before this court and of the right to seek discretionary review from the Supreme Court.

While the district court in this case correctly found it was without authority to order an appropriate remedy, such as recalling the mandate and reissuing this court's opinion, it can make factual findings in reference to Joseph's claim. Thus, we grant a certificate of appealability on the issue of whether Joseph's appellate counsel failed to timely inform him in writing of his right to file a petition for writ of certiorari after receiving an adverse decision from this court. If the district court concludes Joseph's counsel failed in his obligations in this regard, Joseph may file a motion in this court to recall the mandate, reissue the court's judgment and appoint counsel to assist in preparing a petition for writ of certiorari.

As for Joseph's claim he was denied effective assistance of counsel with respect to him being sentenced based on the jury finding that he conspired to distribute or possess

4

with intent to distribute more than fifty grams of crack cocaine, we have independently reviewed the record and conclude Joseph has not made the requisite showing. Accordingly, we deny a certificate of appealability on this issue.

Accordingly, we grant a certificate of appealability on the issue of whether Joseph's appellate counsel failed to timely inform him in writing of his right to file a petition for writ of certiorari after receiving an adverse decision from this court, vacate the district court's order in part and remand for the purpose of having the court make factual findings regarding this issue. We deny a certificate of appealability with respect to Joseph's remaining issue and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED IN PART AND REMANDED;</u>
<u>DISMISSED IN PART</u>

5