**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 10-6188**

————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LUIS TEJEDA-RAMIREZ,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:06-cr-00393-HMH-1; 6:10-cv-70134-HMH)

————————

Submitted:  May 7, 2010              Decided:  June 2, 2010

————————

Before MOTZ, KING, and DAVIS, Circuit Judges.

————————

Vacated in part and remanded; dismissed in part by unpublished
per curiam opinion.

————————

Luis Tejeda-Ramirez, Appellant Pro Se.  Alan Lance Crick,
Assistant United States Attorney, Greenville, South Carolina,
for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Tejeda-Ramirez seeks to appeal the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We grant a certificate of appealability as to one issue, vacate the district court's order in part and remand for further proceedings, and we deny a certificate of appealability as to the remaining issues and dismiss the appeal in part.

Tejeda-Ramirez claims appellate counsel was ineffective for failing to timely notify him of his right to

file a petition for writ of certiorari after receiving an adverse decision from this court. This court's opinion in his appeal was issued December 11, 2007. Tejeda-Ramirez claims he did not hear from counsel regarding the status of the appeal and it was not until October 27, 2009, when he made an inquiry with this court that he learned of the result of his appeal.

In Wilkins v. United States, 441 U.S. 468 (1979), the Supreme Court provided relief, under the Criminal Justice Act ("CJA"), for an out-of-time pro se petitioner whose counsel never filed a petition for certiorari despite assurances that the petition was filed. It stated that "the Courts of Appeals for all of the Circuits provide in their rules or in plans adopted pursuant to the Criminal Justice Act that a court-appointed lawyer must, if his client wishes to seek further review in this Court, represent him in filing a petition for certiorari." Wilkins, 441 U.S. at 469.

This court's Plan states in relevant part:

> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant.

Plan, Part V, § 2.

3

In Proffitt v. United States, 549 F.2d 910, 912 (4th Cir. 1976), this court vacated the district court's order dismissing a § 2255 motion that alleged counsel's failure to consult the defendant and remanded the case for the purpose of an evidentiary hearing because the district court incorrectly found the appointed counsel had no duty to notify the defendant of the result of his appeal before this court and of the right to seek discretionary review from the Supreme Court.

While the district court correctly found it was without authority to order an appropriate remedy, recalling the mandate and reissuing this court's opinion, it can make factual findings in reference to Tejeda-Ramirez's claim. Thus, we grant a certificate of appealability on the issue of whether appellate counsel failed to timely inform Tejeda-Ramirez in writing of his right to file a petition for writ of certiorari after receiving an adverse decision from this court and remand for the purpose of making factual findings. If the district court concludes Tejeda-Ramirez did receive ineffective assistance of counsel in this regard, Tejeda-Ramirez may file a motion in this court to recall the mandate and reissue the court's judgment and for appointment of counsel to assist in preparing a petition for writ of certiorari.

As for Tejeda-Ramirez's remaining claims, we have independently reviewed the record and conclude he has not made

4

the requisite showing and we deny a certificate of appealability on the remaining claims.

Accordingly, we grant a certificate of appealability on the issue of whether Tejeda-Ramirez's appellate counsel failed to timely inform him in writing of his right to file a petition for writ of certiorari after receiving an adverse decision from this court, vacate the district court's order in part, and remand for the purpose of having the court make factual findings regarding this issue.  We deny a certificate of appealability with respect to the remaining issues and dismiss the appeal in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED IN PART AND REMANDED;
DISMISSED IN PART

5