J-S70012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL WILSON, | |
| Appellant | No. 1469 EDA 2015 |

Appeal from the PCRA Order May 6, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1214232-1970

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED DECEMBER 01, 2015**

Appellant, Michael Wilson, appeals *pro se* from the order denying his petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant seeks relief under ***Miller v. Alabama***, 132 S. Ct. 2455 (2012). We affirm.

Appellant is serving a life sentence following his 1971 jury conviction of murder of the first degree for the shooting death of a rival gang member, on October 10, 1970. Our Supreme Court affirmed the judgment of sentence on December 5, 1974. (***See Commonwealth v. Wilson***, 329 A.2d 881, 886 (Pa. 1974)).

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-S70012-15

Appellant presents one question for our review:

Did the [PCRA] court err in not granting Appellant's request for relief under Post Conviction Relief Act petition pursuant to *Miller v. Alabama*, 567 U.S. _____, 132 S. Ct. 2455 [2012] [?]

(Appellant's Brief, at 6) (most capitalization removed).

He maintains that because he was a juvenile at the time of the murder, his sentence should be vacated and his case remanded for resentencing.[1]  We disagree.

Our standard of review of a PCRA court's order is whether the determination of the court is supported by the evidence of record and is free of legal error.  *See Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011).  For a question of law our scope of review is plenary and our standard of review is *de novo*.  *See Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Preliminarily, Appellant's petition is untimely on its face.[2]  Appellant does not expressly plead and prove a statutory exception to the time bar.

_____

[1] Appellant was born on April 4, 1953.  (*See* Docket, CP-51-Cr-1214232-1970, at 1).  On the day of the murder he was seventeen years, six months, and six days old.

[2] Appellant filed the instant petition on July 17, 2012.  This is his fifth petition for collateral relief.  The conviction became final no later than January 6, 1975, after the time for seeking discretionary review in the United States Supreme Court had passed.  *See Wilkins v. United States*, 441 U.S. 468 (1979) (petitions for *certiorari* untimely unless filed within thirty days, pursuant to then U.S.Sup.Ct.R. 22 (effective July 1, 1954, *(Footnote Continued Next Page)*

- 2 -

(**See** Appellant's Brief, at 7, **see also** Commonwealth's Brief, at 8). However, we construe his argument liberally as a claim that he is entitled to the benefit of a newly recognized constitutional right under **Miller**, **supra**. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii).

**Miller** held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders[.]" **Miller**, **supra** at 132 S. Ct. 2469. However, our Supreme Court has held that **Miller** does not apply retroactively. **See Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa. 2013), *cert. denied,* 134 S. Ct. 2724 (2014). Appellant argues that, notwithstanding **Cunningham**, the holding in **Miller** is a substantive rule which applies retroactively to his case. (**See** Appellant's Brief, at unnumbered page 9). We disagree. **Cunningham** is controlling precedent.[3]

Order affirmed.

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

through June 30, 1980; now replaced by U.S.Sup.Ct.R. 13, which provides for a ninety-day period)); **see also** 42 Pa.C.S.A. § 9545(b)(3).

[3] "This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." **Commonwealth v. Reed**, 107 A.3d 137, 143 (Pa. Super. 2014) (citing **Commonwealth v. Slocum**, 86 A.3d 272, 278 n.9 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/1/2015</u>