UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry DAHL, Defendant–Appellant.

No. 01–50730.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 2002.*

Memorandum Filed Oct. 11, 2002.

Order Redesignating Memorandum for Publication Filed Dec. 24, 2002.

Mary Ellen Barilotti, Los Olivos, CA, for defendant-appellant Terry Dahl.

Sharon K. McCaslin, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee United States of America.

Before: REINHARDT, TROTT and SILVERMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## OPINION

SILVERMAN, Circuit Judge.

### I. INTRODUCTION

After receiving numerous notices of non-compliance from the United States Forest Service ("USFS"), Terry Dahl was cited for failure to pay a $5.00 recreational fee discussed further below. He was tried and convicted of violating 36 C.F.R. § 261.15, and ordered to pay a special assessment of $10.00 and restitution of $5.00. On appeal, he challenges USFS's authority to charge a recreational fee on numerous grounds. We have jurisdiction, 28 U.S.C. § 1291, and affirm, but remand for the limited purpose of amending Dahl's judgment of conviction to reflect that his conviction is for an Infraction, and not a Class B Misdemeanor.

### II. FACTS

In 1996, Congress enacted the "Recreational Fee Demonstration Program." Pub.L. No. 104–134, § 315, 110 Stat. 1321, 200–02 (codified as amended as a note to 16 U.S.C. § 460*l*–6a) ("Act" or "recreational fee program"). Under the Act, USFS and three other agencies were required to develop a pilot program to "charge and collect fees for ... use of outdoor recreation sites." Pub.L. 104–134, § 315(a), (b)(1). Congress instructed USFS to "carry out this section without promulgating regulations," and "[t]he authority to collect fees under this section" was to expire on September 30, 2002. *Id.* § 315(e), (f). Pursuant to the Act, USFS requires vehicles parked for recreational purposes in any of the four Southern California National Forests to display an "Adventure

Pass." An Adventure Pass costs $5.00 a day or $30.00 annually.

Dahl, an avid mountain biker, received eleven written warnings in 1998 and 1999 for failing to display an Adventure Pass on his parked vehicle while biking in the Los Padres National Forest in Southern California. On October 24, 1999, while Dahl was biking in the Los Padres National Forest, he received a citation for violation of 36 C.F.R. § 261.15 for failure to pay a required fee.[1] Dahl claimed he was not required to pay any fee. The government filed an information charging him with violation of 36 C.F.R. § 261.15. Dahl was tried and found guilty of a Class B misdemeanor. The district court sentenced Dahl to pay a special assessment of $10.00 and restitution to USFS of $5.00. He appeals.

### III. STANDARD OF REVIEW

■ Construction and interpretation of statutes, civil and criminal, are reviewed de novo. *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1182 (9th Cir.2000); *United States v. Kakatin*, 214 F.3d 1049, 1051 (9th Cir.2000).

### IV. DISCUSSION

Dahl first argues that USFS's decision to designate all four National Forests in Southern California "as one area for purposes of implementing its program" "appears contrary on its face to Congressional intent." However, Dahl provides no support for the fact that all four Southern

---

**1.** 36 C.F.R. § 261.15 provides: "Failing to pay any fee established for admission or entrance to or use of a site, facility, equipment or service furnished by the United States is prohibited. The maximum fine shall not exceed $100."

California forests are not one "area," or why, if they are not, this is contrary to the intent of Congress.

Dahl next contends that there is a conflict between the recreational fee program established by Pub.L. 104–134, § 315(b) and 16 U.S.C. § 460*l*–6a because "the conduct of riding a bike on forest roads is permissible under[Section 460*l*–6a]." Dahl takes the position that "Section 315, from which the 'Adventure Pass' policy sprang, cannot be construed to override [Section 460*l*–6a]."

There is no conflict. The Act and 16 U.S.C. § 460*l*–6a are distinct provisions. The Act's recreational fee program was enacted "notwithstanding any other" legislation. Pub.L. 104–134, § 315(b).[2] There is no limitation in the Act restricting recreational fees to the 21 areas of concentrated public use addressed in 16 U.S.C. § 460*l*–6a nor do any of the other criteria in that section apply to the Act's recreational fee program. We read the language allowing USFS to collect fees "notwithstanding any other provision of law" to mean just what it says—that the Act's recreational fee program is not subject to the constraints of other laws, including those of 16 U.S.C. § 460*l*–6a.

■ Dahl contends that the Act effects an amendment or implied repeal of 16 U.S.C. § 460*l*–6a because the fees imposed under the Act were not imposed in accordance with 16 U.S.C. § 460*l*–6a. This argument fails. Amendment or repeal by implication may only be found where legislative intent is clear and manifest. *Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 80 L.Ed. 351 (1936). We find no clear and manifest legislative intent supporting Dahl's argument that Congress

intended the area selection requirements of 16 U.S.C. § 460*l*–6a(a) to apply to the Act's recreational fee program.

Dahl argues in the alternative that, if 16 U.S.C. § 460*l*–6a and Section 315(b) are separate and distinct provisions, he cannot be prosecuted for violation of 36 C.F.R. § 261.15 because this regulation was enacted pursuant to 16 U.S.C. § 460*l*–6a. We disagree. 36 C.F.R. § 261.15 prescribes a penalty for "[f]ailing to pay *any* fee established for admission or entrance" to a Forest Service site or facility. *Id.* (emphasis added). It is applicable to Dahl's conduct.

Dahl raises two additional arguments addressing improper delegation and vagueness. First, he asserts that Congress provided the USFS with no guidelines and entrusted it with too much discretion, especially in light of the program's ban on rulemaking. Pub.L. No. 104–134, § 315(e). In light of the detailed language governing how the program is to operate, we find clear principles set forth to guide the USFS and no impermissible delegation of power. *See Whitman v. American Trucking Assocs.*, 531 U.S. 457, 472–76, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) (noting that Congress delegates constitutionally when it "lay[s] down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform.") (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624 (1928)).

■ Second, Dahl argues that his conviction is invalid because the term "recreation" is unconstitutionally vague. We disagree. The term "recreation," especially as applied to mountain biking, is by no

---

**2.** In relevant part, § 315(b) provides:
   For each such demonstration, the Secretary, notwithstanding any other provision of law—

(1) shall charge and collect fees for admission to the area or for the use of outdoor recreation sites, facilities, visitor centers, equipment, and services....

means "so vague and standardless that it leaves the public uncertain as to" what is prohibited. *City of Chicago v. Morales,* 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (quoting *Giaccio v. Pennsylvania,* 382 U.S. 399, 402–403, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966)). It therefore does not offend due process.

■ Dahl advances one final argument that has merit. He contends that he cannot be convicted of a Class B Misdemeanor. We agree. Dahl was convicted under 36 C.F.R. § 261.15. The regulation's enabling statute, 16 U.S.C. § 460l–6a(e), specifies that "violations of the rules and regulations issued under this subsection shall be punishable by a fine of not more than $100." Consistent with the enabling statute, Section 261.15 provides *only* for a fine up to $100. An offense for which no imprisonment is authorized is classified as an Infraction. 18 U.S.C. § 3559(a)(9). Consequently, Dahl is correct that he could only be convicted of an Infraction, and not a Class B Misdemeanor. We therefore remand for the limited purpose of directing the district court to amend the judgment to reflect a conviction for an Infraction, and not a Class B Misdemeanor.

AFFIRMED in part and REMANDED in part.