Frank LAURAN; Jeffrey Pine; Robert W. Bartsch; Deborah Nakamoto; Colleen Hefley; Greg Kappos; Forest Preservation Society of Southern California, Plaintiffs—Appellants,

v.

UNITED STATES FOREST SERVICE; Jeanine Derby, Supervisor USFS, Los Padres National Forest; Gene Zimmerman; Jody Cook; Anne Fege, Defendants—Appellees.

No. 03–55494.

D.C. No. CV–02–07229–RSWL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided June 29, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mary Ellen Barilotti, Los Olivos, CA, for Plaintiffs–Appellants.

Ashley Tabaddor, Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendants–Appellees.

518

Before HUG, PREGERSON, and BERZON, Circuit Judges.

MEMORANDUM**

The district court dismissed Plaintiffs' complaint with prejudice because Plaintiffs failed to state claims upon which relief could be granted, *see* Fed.R.Civ.P. 12(b)(6), and amendment would be futile. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1] Each of plaintiffs' nine arguments concerning the validity of the Recreational Fee Demonstration Program ("RFDP"), 16 U.S.C. § 460*l*–6a, will be addressed in turn.[2]

## I. Standard of Review

We review *de novo* a district court's Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim. *See Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595–96 (9th Cir.2004). We review a district court's denial of leave to amend *de novo. See Smith v. Pacific Props. & Dev. Corp.,* 358 F.3d 1097, 1100 (9th Cir.), *cert.*

*denied,* —— U.S. ——, 125 S.Ct. 106, 160 L.Ed.2d 116 (2004). Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004).

## A. Plaintiffs had actual and timely notice of the Enterprise Project's Adventure Pass requirement

■ Plaintiffs contend that the Forest Service failed to provide public notice of the Enterprise Project's implementation as required by § 552(a)(1)(E) of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–59, 701–06. Section 552(a)(1)(E) requires that "amendment, revision, or repeal" of federal agency policies and procedures be published in the Federal Register. 5 U.S.C. § 552(a)(1)(E). However, because the RFDP did not repeal or amend any federal or state provisions, "was enacted 'notwithstanding any other' legislation," *United States v. Dahl,* 314 F.3d 976, 978 (9th Cir.2002), *cert. denied,* 539 U.S. 928, 123 S.Ct. 2589, 156 L.Ed.2d 606 (2003), and is self-executing, it was *not* governed by § 552(a)(1)(E). Moreover, this notice requirement does not apply

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. On December 6, 2004, Congress passed, and on December 8, 2004, the President signed into law, the Federal Lands Recreation Enhancement Act ("FLREA"), Pub. L. No. 108–447, div. J, tit. VIII, 118 Stat. 2809, 3377–93 (2004). After this case was submitted for decision, the government filed a FED. R.APP. P. 28(j) letter asserting that the FLREA renders this case moot. We disagree.

It is true, as the Government asserts, that section 813(b) of the FLREA expressly repealed the RFDP. *See* 118 Stat. at 3390. But section 803(f), (g), and (h) reauthorized the Forest Service to collect recreation fees, such

as those collected through the Enterprise Project. *See* 118 Stat. at 3380–82. Because the FLREA disadvantages Plaintiffs "in the same fundamental way" that the RFDP disadvantaged Plaintiffs, the case is not moot. *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.,* 508 U.S. 656, 661–62, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993).

2. In their complaint, Plaintiffs also alleged that the Enterprise project violated section 4 of the Land and Water Conservation Fund Act of 1965, 16 U.S.C. § 460*l*–6a, and the Fifth Amendment. On appeal, Plaintiffs concede that these claims are foreclosed by *United States v. Dahl,* 314 F.3d 976 (9th Cir.2002), *cert. denied,* 539 U.S. 928, 123 S.Ct. 2589, 156 L.Ed.2d 606 (2003).

when—as here—an individual has *actual* notice of the terms. *See* 5 U.S.C. § 552(a)(1); *United States v. Hall,* 742 F.2d 1153, 1155 (9th Cir.1984). Accordingly, we reject Plaintiffs' argument that the Forest Service improperly failed to comply with the APA's public notice requirement.

### B. The FLREA complies with the "meeting" requirement of 5 U.S.C. § 552b

■ The Sunshine Act, 5 U.S.C. § 552b, requires that every portion of every federal agency meeting be open to public observation. Section 552b defines "meeting" as the "deliberations of at least the number of individual agency members required to take action on behalf of the agency where such deliberations determine or result in the joint conduct or disposition of official agency business...." 5 U.S.C.A. § 552b(a)(2). The FLREA requires the creation of a Recreation Resource Advisory Committee to review and recommend changes to the fee system. *See* FLREA § 804(d), 118 Stat. at 3382–85. The Committee is scheduled to meet "as often as needed to deal with citizen concerns about the recreation fee program" and community participation in those meetings is mandatory. *See id.* § 804(d)(3), (5), 118 Stat. at 3383–84. Accordingly, the Enterprise Project complies with § 552b's meeting requirements.

### C. The Forest Service has the authority to post signs advertising the Adventure Pass along California highways within the National Forests

■ Plaintiffs assert that the Forest Service is not authorized to place signs notifying motorists of the Adventure Pass requirement on state highways running through the National Forests. Plaintiffs lack standing to assert a claim on behalf of the State of California because they do not claim that the signs' *locations* (on state highways within the National Forests) have caused them injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). However, this contention fails on the merits as well.

■ The authority to post signs on roads within National Forests to inform the public of the Adventure Pass is merely an extension of the Forest Service's authority under the Organic Administration Act of 1897, c. 2, § 1, 30 Stat. 11, 36 (codified as amended at 16 U.S.C. §§ 473–82, 551), and the Constitution's Property Clause, U.S. Const. art. IV, § 3, cl. 2. That authority applies to established state rights-of-way located within the National Forests. *See United States v. Vogler,* 859 F.2d 638, 642 (9th Cir.1988). Accordingly, the Forest Service was acting within its authority when it posted signs on state highways within the National Forests.

### D. The Forest Service has the authority to require that vehicles parked along state highways within the National Forests display an Adventure Pass

■ Plaintiffs contend that the Forest Service has no authority to require vehicles parked on state highways within National Forest boundaries to display an Adventure Pass. We reject this contention. The Secretary of Agriculture and the Forest Service have the power to regulate activities within the National Forests. *See Cal. Coastal Comm'n v. Granite Rock Co.,* 480 U.S. 572, 596, 107 S.Ct. 1419, 94 L.Ed.2d 577 (1987). Accordingly, the Forest Service has the authority to impose this minor duty on vehicle owners while their cars are parked within National Forest boundaries.

**520**

### E. The Adventure Pass does not violate an individual's right to travel

■ Plaintiffs assert that the Enterprise Project's Adventure Pass requirement violates an individual's right to *intra*state travel. However, neither the Supreme Court nor the Ninth Circuit has recognized a protected right to *intra*state travel. *See Nunez ex rel. Nunez v. City of San Diego,* 114 F.3d 935, 944 n. 7 (9th Cir.1997). Plaintiffs also contend that the pass requirement violates the right to *inter*state travel. Although the Supreme Court has recognized a fundamental right to *inter*state travel, *see Attorney Gen. of N.Y. v. Soto–Lopez,* 476 U.S. 898, 903, 106 S.Ct. 2317, 90 L.Ed.2d 899 (1986) (Brennan, J., plurality op.), the Enterprise Project does not impede an individual's right or ability to travel between states. A five-dollar vehicle parking fee, charged for recreational use of the National Forest, does not constitute a barrier to intrastate or interstate travel. *See Miller v. Reed,* 176 F.3d 1202, 1205 (9th Cir.1999) (recognizing that "minor burdens impacting interstate travel, such as toll roads, do not constitute a violation" of the right to travel). Accordingly, the Enterprise Project does not violate Plaintiffs' right to travel.

### F. The Enterprise Project does not conflict with NEPA requirements

■ Plaintiffs allege that the Enterprise Project failed to comply with the National Environmental Policy Act's ("NEPA") requirements. Under the NEPA, federal agencies are required to prepare an environmental impact statement for every "major Federal action[ ] significantly affecting the quality of the human environment." *Forest Guardians v. U.S. Forest Serv.,* 329 F.3d 1089, 1093 (9th Cir.2003) (quoting 42 U.S.C. § 4332(C)) (alteration in original). The NEPA implementing regulations define "major federal actions" as actions with effects that may be major or significant and which are potentially subject to federal control and responsibility. 40 C.F.R. § 1508.18.

The Enterprise Project's Adventure Pass display requirement and fee does *not* constitute a "major federal action," as the potential impact of a five-dollar fee is minimal. *See, e.g., Ka Makani O Kohala Ohana Inc. v. Water Supply,* 295 F.3d 955, 960 (9th Cir.2002); *Lake Berryessa Tenants' Council v. United States,* 588 F.2d 267, 271–72 (9th Cir.1978) (per curiam); *Tucson Rod & Gun Club v. McGee,* 25 F.Supp.2d 1025, 1029 (D.Ariz.1998). Because the Enterprise Project is not a "major federal action"—inasmuch as it merely authorizes a user-generated cost recovery plan and will not affect the quality of the human environment—it is not subject to the NEPA's environmental impact statement requirement.

### G. The Enterprise Project does not conflict with the California Constitution.

■ Plaintiffs contend that the Enterprise Project conflicts with California's constitutional guarantee that "[t]he people shall have the right to fish upon and from the *public lands* of the State and in the waters thereof. . . ." CAL. CONST. art. 1, § 25 (emphasis added). The California Constitution *is not* at issue in this case because the "public lands" described in article 1, section 25 of the California Constitution are *state-owned lands,* not federal lands. *See State v. San Luis Obispo Sportsman's Ass'n,* 22 Cal.3d 440, 149 Cal. Rptr. 482, 584 P.2d 1088, 1092 (1978).

### H. The Enterprise Project does not conflict with the Tenth Amendment.

■ Plaintiffs contend that the Enterprise Project conflicts with the Tenth

Amendment because it purports to regulate "public lands throughout the State."

The Tenth Amendment is *not implicated* here. As discussed above, the "public lands" at issue are federal, not state, property. Congress's authority to establish the Forest Service and to regulate the National Forests is derived from the Constitution's Property Clause, which provides that "Congress shall have [the] Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States...." U.S. Const. art. IV, § 3, cl 2.

## I. The Enterprise Project does not conflict with the FLPMA.

 Finally, Plaintiffs contend that the Enterprise Project violates the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 1701 *et seq.*, by requiring fisherman and hunters to purchase and display the Adventure Pass on their vehicles. In pertinent part, the FLPMA states that "the Secretary shall ... regulate ... the use, occupancy, and development of the public lands ... [provided] [t]hat nothing in this Act shall be construed as authorizing the Secretary concerned to require Federal permits to hunt and fish on public lands or on lands in the National Forest System and adjacent waters...." 43 U.S.C. § 1732(b).

Plaintiffs argue that the Enterprise Project conflicts with the FLPMA because, while the FLPMA prohibits general hunting and fishing permits, the Enterprise Project allows the Forest Service to charge hunters and fishermen a fee for parking within the National Forests. Plaintiffs' attempt to equate a hunting or fishing permit with a parking fee is misplaced. A "permit" is defined as "a special

* This panel unanimously finds this case suitable for decision without oral argument. *See*

use authorization which provides permission, without conveying an interest in land, to occupy and use National Forest System land or facilities for specified purposes"— in this case, for hunting or fishing. 36 C.F.R. § 251.51 (2004). The Adventure Pass, on the other hand, is required for *any vehicle* parked within the confines of the National Forests; it is not specifically required for fishing or hunting. Accordingly, the Enterprise Project does not conflict with the FLPMA.

## II. Conclusion

Because Plaintiffs' arguments are fatally flawed and could not be saved by amendment, the district court properly dismissed Plaintiffs' complaint with prejudice.

**AFFIRMED.**