**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

KEVIN MICHAEL SHELDON,
*Defendant-Appellant*.

No. 12-30324

D.C. No.
6:12-cr-00010-CCL-1

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Submitted August 26, 2013[*]
Seattle, Washington

Filed April 9, 2014

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Richard R. Clifton, Circuit Judges.

Order;
Opinion by Judge Clifton

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel granted the defendant's motion for an opportunity to file a petition for writ of certiorari, recalled the mandate, vacated the opinion filed September 19, 2013, and reissued the opinion in its original form.

In the opinion, the panel affirmed a conviction for sexual exploitation of a child and knowingly receiving child pornography.

The panel held that 18 U.S.C. § 2251(a) does not require the government to prove that the defendant had knowledge that the materials used to produce child pornography had traveled in interstate commerce.

The panel also held that the district court did not abuse its discretion in admitting the defendant's prior conviction for possession of child pornography and that a rational jury could conclude that the videos introduced at trial depicted sexually explicit conduct.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Anthony R. Gallagher, David F. Ness, Federal Defenders, Great Falls, Montana, for Defendant-Appellant.

Cyndee Peterson, Assistant United States Attorney, Missoula, Montana, Billings, Montana, for Plaintiff-Appellee.

## ORDER

Appellant's motion for appropriate relief, filed March 11, 2014, seeks to give appellant an opportunity to file a petition for writ of certiorari. We find that extraordinary circumstances warrant such relief, *see Wilkins v. United States*, 441 U.S. 468, 469–70 (1979), and we grant the motion.

The mandate is recalled. Our opinion is vacated and ordered reissued in its original form as of today's date.

## OPINION

CLIFTON, Circuit Judge:

Defendant Kevin Michael Sheldon appeals the jury verdict finding him guilty of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a) and knowingly receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). He argues that the district court erred in its interpretation of § 2251(a) because the court did not require the Government to prove his knowledge of the interstate nature of his crime.

Our court has never directly addressed whether § 2251(a) requires that the defendant have knowledge that the materials used to produce child pornography had traveled in interstate commerce.  We hold that the statute contains no such requirement.

Defendant also contends that the district court abused its discretion at trial when the court admitted evidence of his prior conviction for possession of child pornography, and that his sexual exploitation of a child conviction must be set aside because the evidence was insufficient for a rational jury to find him guilty. Those arguments lack merit.  We affirm.

## I.  Background

Defendant Sheldon lived with family members in Montana. In September 2011, Defendant was told to move out of the family home because he had inappropriately touched a minor child.  Shortly thereafter, the minor child's video recorder was found to contain several videos of children naked, showering, and, in one instance, pretending to perform oral sex on a teddy bear.  The police were called and obtained a warrant for Defendant's home.  Police recovered Defendant's computer and external hard drive, which together contained 41 images of child pornography.[1]

Defendant was charged with one count of sexual exploitation of a child and one count of knowingly receiving child pornography.  He pleaded not guilty.

---

[1] The Government conceded that Defendant never saw the videos made by the minor children described in this case; they were not among the pornographic images found on his computer equipment.

Two female minor children testified at the jury trial that Defendant, while still living with the family, showed the girls pornography on the internet and told them to make their own videos. He asked them to video themselves without clothing. The children recorded the videos and repeated some of the sexual references they had heard on the internet pornography.

A jury found Defendant guilty on both counts. The district court sentenced him to 480 months' imprisonment.

## II. Discussion

Defendant raises three challenges to his convictions. His primary argument – and the primary subject of this opinion – is that under 18 U.S.C. § 2251(a), the Government was required to prove that he knew the materials used to produce the child pornography had traveled in interstate commerce. We review a district court's interpretation of a criminal statute de novo. *United States v. Dahl*, 314 F.3d 976, 977 (9th Cir. 2002).

Our court has not directly addressed the legal question Defendant raises regarding the mental state required under § 2251(a). We conclude that § 2251(a) does not require knowledge of the interstate nature of the materials used to produce the sexually explicit images.

Defendant's argument fails under the plain language of the statute. Section 2251(a) provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual

depiction of such conduct . . . shall be
punished as provided under subsection (e), if
such person knows or has reason to know that
such visual depiction will be transported or
transmitted using any means or facility of
interstate or foreign commerce . . . or mailed,
if that visual depiction was produced or
transmitted using materials that have been
mailed, shipped, or transported in or affecting
interstate or foreign commerce by any means,
including by computer, or if such visual
depiction has actually been transported or
transmitted using any means or facility of
interstate or foreign commerce or in or
affecting interstate or foreign commerce or
mailed.

18 U.S.C. § 2251(a). The text can be better understood if
broken up into blocks:

Any person who employs, uses, persuades,
induces, entices, or coerces any minor to
engage in . . . any sexually explicit conduct
for the purpose of producing any visual
depiction of such conduct . . . shall be
punished as provided under subsection (e),

if such person knows or has reason to know
that such visual depiction will be transported
or transmitted using any means or facility of
interstate or foreign commerce . . . or mailed,

if that visual depiction was produced or
transmitted using materials that have been

> mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer,
>
> or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

Viewed this way, the first clause of the statute defines the crime, and the three remaining clauses define interstate or foreign commerce elements that justify federal jurisdiction over the crime.

Defendant argues that the language, "knows or has reason to know," from the first jurisdiction clause imputes a knowledge requirement to the other two jurisdiction clauses as well, neither of which contains similar language. But Congress's use of the word "or" at the beginning of the final clause indicates that these are three independent alternatives. *See In Re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) ("In construing a statute, a court should interpret subsections written in the disjunctive as setting out separate and distinct alternatives."). Moreover, each of the three jurisdiction clauses starts with "if," and the "knows or has reason to know" language comes after the "if" in the first jurisdiction clause, not before it, indicating that it pertains only to the first clause and not to the others.

We agree with the other circuit courts that have previously considered this issue. Both the Fifth and Eleventh Circuits have held that § 2251(a) does not require knowledge as to the interstate nature of the crime. *See United States v.*

*Terrell*, 700 F.3d 755, 759 (5th Cir. 2012) (holding that the more natural reading of § 2251(a) "is that knowledge must be proven only as to the first jurisdictional hook" because the statute's repetition of "if" before each clause indicates that each clause is distinct); *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006) ("The text of the statute simply does not provide a basis to conclude that knowledge of the jurisdictional nexus is plainly required."). The Eleventh Circuit explained, "[t]he most natural reading of this provision is that jurisdiction extends to child pornography (1) produced with the intent that it eventually travel in interstate commerce; (2) produced with materials that have traveled in interstate commerce; or (3) that has traveled in interstate commerce." *Smith*, 459 F.3d at 1289. We conclude that this interpretation of the statute is correct.

To satisfy the jurisdictional element of § 2251(a) in this case, then, the Government was only required to prove beyond a reasonable doubt that the child pornography was produced with materials that had traveled in interstate commerce. The Government elicited testimony at trial that the recorder used to produce the videos in Montana was manufactured in China. This evidence was sufficient to satisfy the jurisdictional element of § 2251(a) under the correct interpretation of the statute. *Id.*

Defendant's two other challenges to his conviction are foreclosed by the facts and our applicable precedent, so we need not discuss them at length. Defendant argues that the district court abused its discretion in admitting evidence of Defendant's 1998 conviction for possession of child pornography. Rule of Evidence 414 provides that in a criminal case alleging that a defendant committed child molestation, a court may admit evidence that the defendant

committed prior child molestation, including possession of child pornography. Fed. R. Evid. 414(a), (d)(2). The Government introduced only the sanitized record that Defendant had been convicted of possession of child pornography without disclosing to the jury the details of Defendant's conduct that resulted in the conviction. The district court instructed the jury immediately thereafter that they should only consider the evidence of the prior acts as they relate to the particular charge in this case. Before admitting the evidence, the district court properly considered the non-exhaustive factors we set forth in *United States v. Lemay*, 260 F.3d 1018, 1027 (9th Cir. 2001), and balanced the probative value against the potential for unfair prejudice under Federal Rule of Evidence 403. Based on the facts of this case, Defendant's prior conviction, and Defendant's arguments at trial, the district court did not abuse its discretion in admitting Defendant's prior conviction for possession of child pornography.

Defendant also argues that the evidence admitted at trial was insufficient to convict him of the sexual exploitation count because the videos were not sexually explicit. Evidence is sufficient to support the conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Garrido*, 713 F.3d 985, 999 (9th Cir. 2013) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted). An individual violates § 2251(a) if he "persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct[.]" 18 U.S.C. § 2251(a). Sexually explicit conduct is defined in 18 U.S.C. § 2256(2)(A) and includes "lascivious exhibition

of the genitals[.]" *Id* at § 2256(2)(A)(v). The jury was shown 27 videos from a video recorder owned by one of the minor children. Several of those videos depict the victims nude and discussing sexual acts. Having reviewed the evidence presented to the jury for ourselves, we conclude that a rational trier of fact could have found the videos to depict sexually explicit conduct. *See United States v. Overton*, 573 F.3d 679, 688 (9th Cir. 2009).

## III.   Conclusion

18 U.S.C. § 2251(a) does not require proof of a defendant's knowledge that the materials used to produce depictions of sexually explicit conduct have traveled in interstate commerce. The district court did not abuse its discretion in admitting at trial Defendant's prior conviction for possession of child pornography. A rational jury could conclude that the videos introduced at trial depicted sexually explicit conduct. We therefore affirm.

**AFFIRMED**.