**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3012

_____

UNITED STATES OF AMERICA

v.

EARL D. WARNER,
              Appellant.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-12-cr-00107-01)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to L.A.R. 34.1(a)
March 19, 2015

Before:  McKEE, *Chief Judge*, RENDELL and FUENTES, *Circuit Judges*

(Opinion Filed:  June 3, 2015)

_____

OPINION∗

_____

McKEE, *Chief Judge*.

Earl Warner appeals his convictions on six counts of producing child pornography

and one count of possessing child pornography.  Warner raises four issues on appeal.

First, Warner argues that the district court erred in ruling that the Government was not

_____

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

required to show that Warner had knowledge that the items he used to produce the images traveled in interstate commerce. Warner also contends that the district court erred in failing to instruct the jury on the necessity defense. Warner further maintains that the evidence did not support the district court's jury instruction that "sexually explicit conduct" includes "masturbation." Lastly, Warner argues that the evidence did not support the district court's application of a two-level enhancement for photographs that depicted "sexual contact." None of his claims have merit, and several are patently frivolous. We will therefore affirm.[1]

## I.

### A. Knowledge Requirement

This court exercises plenary review over a district court's denial of a motion for a judgment of acquittal. *United States v. Bencivengo*, 749 F.3d 205, 210 (3d Cir. 2014).

Section 2251(a) provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, *if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or*

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

> *foreign commerce or in or affecting interstate or foreign commerce or mailed.*

18 U.S.C. § 2251(a) (2012) (emphasis added).

Warner's claim that the Government must prove that he knew that the materials he used to produce child pornography traveled in interstate commerce is an issue of first impression for this court. However, our sister circuits have unanimously rejected this requirement.[2] "The most natural reading of [Section 2251(a)] is that jurisdiction extends to child pornography (1) produced with the intent that it eventually travel in interstate commerce; (2) produced with materials that have traveled in interstate commerce; or (3) that has traveled in interstate commerce." *United States v. Smith*, 459 F.3d 1276, 1289 (11th Cir. 2006). However, "[o]nly the first basis for jurisdiction requires any proof of mental state." *Id.*; *see also United States v. Sheldon*, 755 F.3d 1047, 1050 (9th Cir. 2014) (explaining that "Congress's use of the word 'or' at the beginning of the final clause indicates that these are three independent alternatives"); *United States v. Terrell*, 700 F.3d 755, 759 (5th Cir. 2012) (finding that "the more natural reading of this statute is that knowledge must be proven only as to the first jurisdictional hook").

---

[2] Though this court has yet to evaluate the knowledge requirement of Section 2251(a), this is not the first occasion that this court has addressed this issue. In *United States v. Galo*, we evaluated the constitutionality of Section 2251(a). 239 F.3d 572 (3d Cir. 2001). We ultimately held that "Congress could properly regulate intrastate possession of child pornography produced by materials that had travelled in interstate commerce." *Id.* at 576. We also found that "the requirement that at least one of the materials used to produce the child pornography travel in interstate commerce provides the jurisdictional hook." *Id.* at 575; *see also United States v. Moyer*, 674 F.3d 192, 208 (3d Cir. 2012) ("Indeed, '[i]t is well settled that mens rea requirements typically do not extend to the jurisdictional elements of a crime . . . .'" (quoting *United States v. Cooper* 482 F.3d 658, 664 (4th Cir. 2007)).

3

Accordingly, "[t]o satisfy the jurisdictional element of § 2251(a) in this case . . . the Government was only required to prove beyond a reasonable doubt that the child pornography was produced with materials that had traveled in interstate commerce." *Sheldon*, 755 F.3d at 1050.

Here, the Government submitted evidence that the computer, camera, and memory cards that Warner used to produce the images were made in China and thus traveled in foreign commerce. App. 95, 101–02, 132–34. We will therefore affirm the district court's denial of the motion for judgment of acquittal.

## B. Necessity Defense

Second, Warner argues that the district court erred in refusing to give the jury an instruction on his necessity defense.[3] We review the district court's refusal for abuse of discretion. *United States v. Weatherly*, 525 F.3d 265, 269 (3d Cir. 2008).

The district court should have instructed the jury on the necessity defense if "(1) [Warner] propose[d] a correct statement of the law; (2) [Warner's] theory [was] supported by the evidence; (3) the theory of defense [was] not part of the charge; and (4) the failure to include an instruction of [Warner's] theory would [have denied] him a fair trial." *United States v. Friedman*, 658 F.3d 342, 352–53 (3d Cir. 2011) (internal quotation marks omitted). The district court's "charge should direct and focus the jury's attention on the evidence given at trial, not on far fetched and irrelated ideas that do not

---

[3] Warner maintains that he "saw the greater evil as [his friend,] Cruz[,] and his collection of child porn and devised a plan to get that vast collection of material by producing a more limited collection of child porn and then tricking Cruz into what was believed to be an even exchange followed by law enforcement contact." Brief of Appellant at 18. To no one's great surprise (except perhaps Warner's), the jury refused to accept that claim.

sustain a defense to the charges involved." *United States v. Hoffecker*, 530 F.3d 137, 156 (3d Cir. 2008) (quoting *United States v. Blair*, 456 F.2d 514, 520 (3d Cir. 1972)).

> The elements of justification are:
>
> First, that [the defendant] was under an immediate, unlawful threat of death or serious bodily injury to himself or to others;
>
> Second, that [the defendant] had a well-grounded [or reasonable] fear that the threat would be carried out if he did not commit the offense;
>
> Third, that [the defendant's] criminal action was directly caused by the need to avoid the threatened harm and that [the defendant] had no reasonable, lawful opportunity to avoid the threatened harm without committing the offense; that is, that [the defendant] had no reasonable lawful opportunity both to refuse to do the criminal act and also to avoid the threatened harm; and
>
> Fourth, that [the defendant] had not recklessly placed himself in a situation in which he would be forced to engage in criminal conduct.

*United States v. Taylor*, 686 F.3d 182, 186 (3d Cir. 2012) (quoting 3d Cir. Model Crim. Jury Inst. § 8.04). Warner "ha[d] the burden of proving the defense of justification [necessity] by a preponderance of the evidence." 3d Cir. Model Crim. Jury Inst. § 8.04.

Warner contends that the Model Criminal Jury Instructions stray from the foundational concept of the defense. We disagree and decline to adopt a new standard of justification at this time. The onus was on Warner to prove the preceding elements of the defense and he failed to carry this burden. Accordingly, the district court did not abuse its discretion in refusing to instruct the jury on the necessity defense.[4]

---

[4] Even if the record otherwise satisfied the requirements of the necessity defense, there was no "necessity" that would have justified Warner's conduct here. After Cruz

5

### C. *"Sexually Explicit Conduct"*

Third, Warner argues that the district court erred in its instruction to the jury because the instruction included "masturbation" in the definition of "sexually explicit conduct"—an element of both of his crimes. In contrast, the Government maintains that this argument is meritless because there was enough evidence to permit the jury to find that at least one image in each of the counts depicted "lascivious exhibition of the genital or public area of any person"—thus exhibiting the requisite "sexually explicit conduct." We exercise plenary review to determine "whether the jury instructions stated the proper legal standard." *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995).

Sexually explicit conduct is defined as "actual or simulated—(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A) (2012). At the charge conference, counsel for Warner argued that "actual or simulated masturbation was [not] part of this case." App. 523. The Government objected because "the term 'masturbation' includes the images where [Warner] is touching the girls." *Id.* The district court overruled the objection and reminded counsel that the "items of conduct included within [the sexually explicit conduct] definition" shrunk. *Id.* The district court instructed the jury that "sexually

---

informed Warner of the child pornography he had produced of Warner's adopted daughter and her friends, we can see no possible circumstances that would require further subjecting the children to child pornography.

6

explicit conduct" included "masturbation" or "lascivious exhibition of the genitals or pubic area of any person." App. 558.

The jury returned a general verdict on each of the seven counts. App. 571–72. In cases where "a criminal defendant appeals a conviction in which the prosecution presented more than one theory of guilt and the jury returned a general verdict, we apply the holding of *Griffin v. United States*, 502 U.S. 46, 112 S. Ct. 466, 116 L.Ed.2d 371 (1991). *United States v. Syme*, 276 F.3d 131, 144 (3d Cir. 2002). "*Griffin* restated the longstanding rule that if the evidence is insufficient to support a conviction on one alternative theory in a count but sufficient to convict on another alternative theory that was charged to the jury in the same count, then a reviewing court should assume that the jury convicted on the factually sufficient theory and should let the jury verdict stand." *Id.*

Warner conceded on appeal that he "had no difficulty with instructing the jury on just subsection (v) – lascivious exhibition." Brief of Appellant at 28. Therefore, we need not review the sufficiency of the evidence to support the inclusion of "masturbation" in the definition of "sexually explicit conduct." There was sufficient evidence to convict Warner on "lascivious exhibition of the genitals or pubic area of any person." Accordingly, we will affirm because have no difficulty in concluding that since the jury returned a general verdict of guilty to each of the seven counts, that it could have found the requisite "sexually implicit conduct" was satisfied with the "lascivious exhibition."

### D. *Sexual Contact Enhancement*

Lastly, Warner argues that the district court improperly applied a two-level enhancement for "sexual contact" to his Sentencing Guidelines range for Count 1. We

7

review the district court's factual findings supporting the sentencing enhancement for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

The Sentencing Guidelines provide that "[i]f the offense involved . . . the commission of a sexual act or sexual contact, increase by 2 levels." U.S.S.G. § 2G2.1(b)(2)(A); *see also* U.S.S.G. § 2G2.1(b)(2)(A) application n.2 (2014) (stating "'[s]exual contact' has the same meaning given that term in 18 U.S.C. § 2246(3)"). Section 2246(3) defines sexual contact as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse to gratify the sexual desire of any person." 18 U.S.C. § 2246(3) (2012).

The district court "found that 'two images' depict the child touching her groin area . . . [and] that these images meet [the 'sexual contact'] definition. App. 668. Accordingly, we affirm the district court because the court accurately found that the images supported the two-level sentencing enhancement.

## III.

For the reasons expressed above, we will affirm the district court.

8