**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10532 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00171-LJO-SKO-1 |
| v. | |
| COLIN LOVETTE BOSBY, AKA Colin Bosby, AKA Colin L. Bosby, AKA Colin Lovett Bosby, AKA Colin Lovettee Bosby, AKA JSmiley, AKA Smiley, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted February 14, 2019[**]
San Francisco, California

Before:  SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Colin Lovette Bosby appeals his conviction on one count of receiving or

distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), and two

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

counts of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He contends that the district court erred in admitting evidence that he possessed child pornography on two other occasions. The first occasion was in 2003, 13 years before the conduct charged in this case, and the second in October 2016, two months after. His argument is that the first was too early and the second too late.

Evidence that Bosby possessed child pornography in 2003 and in October 2016 is evidence of "child molestation," making it admissible in this "case on any matter to which it is relevant," provided its probative value outweighs its potential to cause undue prejudice. Fed. R. Evid. 414(a); *see also United States v. Sheldon*, 755 F.3d 1047, 1050–51 (9th Cir. 2014).

That Bosby's possession of child pornography in 2003 preceded the charged conduct by 13 years does not preclude admissibility. *See United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996) (there is no "bright line rule" precluding remote evidence) (citation omitted); *United States v. LeMay*, 260 F.3d 1018, 1029 (9th Cir. 2001) (admitting uncharged acts from 11 years prior).

As to the evidence of possession in October 2016, two months after the charged conduct, there is no rule or reason to have precluded it. Although colloquially termed "prior bad act evidence," Rule 414 is titled "Similar Crimes in Child-Molestation Cases," and provides that "the court may admit evidence that

2

the defendant committed any other child molestation." Fed. R. Evid. 414(a). We have never limited this rule to past conduct. *See also United States v. Lloyd*, 807 F.3d 1128, 1157–58 (9th Cir. 2015) (noting in the more restrictive Rule 404(b) context that "[e]vidence of a subsequent bad act is admissible") (citations omitted); *United States v. Sioux*, 362 F.3d 1241, 1245 (9th Cir. 2004) (holding that subsequent acts evidence is permissible under Federal Rule of Evidence 413).

**AFFIRMED.**